UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MARY J. FARRIER,<br>Plaintiff, | Case No. 1:19-cv-588<br>Black, J.<br>Litkovitz, M.J. |
| vs. | |
| GEORGE LEICHT, et al.,<br>Defendants. | **ORDER AND REPORT AND<br>RECOMMENDATION** |

Proceeding pro se, plaintiff brings this action against defendants George Leicht, United States Bankruptcy Court for the Southern District of Ohio ("Bankruptcy Court"), Judge Beth J. Buchanan, and Ditech Financial, LLC ("Ditech") in relation to actions taken during her bankruptcy proceeding in the United States Bankruptcy Court for the Southern District of Ohio. (Doc. 1). This matter is before the Court on defendant Leicht's motion to dismiss (Doc. 8), defendants Bankruptcy Court and Buchanan's motion to dismiss (Doc. 12), and defendant Ditech's notice of bankruptcy status (Doc. 22). Plaintiff has filed responses in opposition to the motions to dismiss and notice of bankruptcy status (Docs. 14, 15, 23). This matter is also before the Court on three pretrial motions filed by plaintiff (Docs. 18, 21, 24).

**I. Background Facts**

Plaintiff filed a petition for Chapter 7 bankruptcy in August 2017. (Ex. A, Doc. 12-1; Docket, U.S. Bankruptcy Court for the Southern District of Ohio, Case No. 1:17-bk-12858).[1] Defendant George Leicht, the Chapter 7 Trustee of the bankruptcy estate, commenced an

---

[1] In ruling on a motion to dismiss, the Court can consider "exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to [the] defendant[s'] motion to dismiss, so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). *See also Mediacom Southeast LLC v. BellSouth Telecommunications, Inc.*, 672 F.3d 396, 399 (6th Cir. 2012). Therefore, the Court will consider the records from the bankruptcy proceedings attached to defendants' motion to dismiss.

adversary proceeding on October 5, 2017 to avoid the transfer of property at 1095 North Bend Road in Cincinnati, Ohio that plaintiff had transferred to her daughter approximately four months before filing her bankruptcy petition. (*Id.* at 3 (Doc. 17), Doc. 12-3 at 3). Plaintiff's daughter transferred the property back to plaintiff. (Doc. 12-3 at 3). On January 31, 2018, Trustee Leicht filed a motion to sell the property. (Doc. 12-1 at 12 (Doc. 85)).

On February 15, 2018, plaintiff conveyed the property to her husband for $1,000. (Doc. 12-3 at 3). Trustee Leicht filed another adversary proceeding to recover and sell the property under 11 U.S.C. §§ 363 and 359. (Doc. 12-1 at 12 (Doc. 93)). In the adversary proceeding, Trustee Leicht moved for summary judgment. (Doc. 12-2 at 2 (Doc. 4)). Judge Buchanan granted Trustee Leicht's motion for summary judgment and ordered the property conveyed from plaintiff's husband to Trustee Leicht. (Doc. 12-3). Plaintiff's husband appealed Judge Buchanan's decision to the Bankruptcy Appellate Panel. (Doc. 12-2 at 3 (Doc. 15)). The Bankruptcy Appellate Panel dismissed the appeal for lack of prosecution. (Doc. 12-4).

Plaintiff filed a "motion to review procedure" to end her Chapter 7 bankruptcy proceeding, which was denied by Judge Buchanan. (Doc. 12-1 at 11 (Doc. 83), 16 (Doc. 117)). Judge Buchanan held that plaintiff "should not be permitted to orchestrate the dismissal of her chapter 7 case based on her own failure to pay the final $83.75 installment payment." (Doc. 12-5 at 4). Judge Buchanan determined that plaintiff's chapter 7 case "has been and continues to be an active and open chapter 7 bankruptcy proceeding." (*Id.*). Judge Buchanan also approved Trustee Leicht's motion to sell the property and employ a realtor. (*Id.* at 10).

On July 26, 2018, plaintiff appealed Judge Buchanan's decision. (Doc. 12-6). Plaintiff argued that "[t]his matter needs to be addressed and resolved in an outside US District Court with a good Lawyer." (*Id.*). Plaintiff questioned, "why should my Husband Be punished and

lose his rights to ownership, because I put an application in for a chapter 7 program?" (*Id.* at 3).
In reviewing plaintiff's appeal, the Bankruptcy Appellate Panel interpreted her appeal as a request to have her case reviewed in district court. (Doc. 12-8). The Bankruptcy Appellate Panel transferred plaintiff's case to this Court, which docketed the case as Case No. 1:18-cv-539. (*Id.*). On October 17, 2019, the Court dismissed plaintiff's bankruptcy appeal in Case No. 1:18-cv-539 for lack of prosecution and noted that plaintiff had decided to pursue her concerns relating to the underlying bankruptcy case in a separate civil action, which is the case presently before this Court. (Case No. 1:18-cv-539 (Doc. 7)).

Plaintiff filed her complaint in this present case in July 2019. Plaintiff alleges that her mortgage company, Ditech, sent her a foreclosure letter in 2016, which caused her credit score to decrease. (Doc. 1 at 16). This foreclosure letter led plaintiff to "panic" and file a petition for Chapter 7 Bankruptcy. (*Id.*). During the proceedings, plaintiff alleges that she was misled by Trustee Leicht at the 341 meeting on September 12, 2017. (*Id.* at 3). Plaintiff alleges that Trustee Leicht informed her that she did "nothing wrong" by transferring her house to her daughter, but then he went behind her back and sued her daughter for the house. (*Id.*). Plaintiff alleges that Trustee Leicht failed to mention to plaintiff that he was going to pursue the house. (*Id.*). According to plaintiff, she was denied due process of law by Trustee Leicht because the case "would have automatically been put on the docket for the dispute to be heard in front of a judge," if Trustee Leicht told plaintiff he was going to "pursue the house." (*Id.*).

Thereafter, plaintiff alleges that Trustee Leicht did not notify her that the property would be seized. (*Id.* at 4). Plaintiff alleges that Trustee Leicht placed the house on the market for sale "through a realtor without a trustee deed in his name and no Court Order" and put her name on the insurance policy without her consent. (*Id.*). Plaintiff further alleges that Trustee Leicht

3

unlawfully winterized the house, changed the locks, and locked her out of the house without a trustee deed in his name or a Court Order. (*Id.*).

Plaintiff states that Trustee Leicht and Judge Buchanan informed her that the house needed to be sold to pay off the creditors, but plaintiff alleges no creditors were ever paid. (*Id.* at 5). Plaintiff asked Judge Buchanan not to sell the house because plaintiff believed it was a "personal gain" for the trustee. (*Id.* at 6). Plaintiff states that no creditors made claims on the bankruptcy estate and she received a dismissal notice in 2017. (*Id.*). According to plaintiff, Trustee Leicht filed an objection to the dismissal and "created the charges on his own." (*Id.*). Almost two years later, plaintiff states that Judge Buchanan granted summary judgment in Trustee Leicht's favor and granted a trustee deed. (*Id.* at 7). Plaintiff alleges that Judge Buchanan "aided" Trustee Leicht by taking biased actions against plaintiff during the course of the bankruptcy proceeding. (*Id.* at 9). Plaintiff alleges that Trustee Leicht "kept all the money from the sale of [her] house using a government facility for personal gain." (*Id.* at 16). Plaintiff alleges that she feels "bamboozled." (*Id.*). Plaintiff states that she does not have Chapter 7 Bankruptcy protection. (*Id.*).

As relief, plaintiff requests that her name be cleared from the "Chapter 7 Slander," her house back, "a letter showing that [her] bills was [sic] not discharged and the creditors did not file proof of claim by the deadline," an updated appraisal, and monetary damages in the amount of five million dollars. (*Id.* at 27).

## II. Motions to Dismiss (Docs. 8, 12)

### A. Standards

#### 1. Lack of Subject Matter Jurisdiction

4

Under Fed. R. Civ. P. 12(b)(1), a party may attack a complaint for lack of subject matter jurisdiction. There are generally two types of motions challenging subject matter jurisdiction under Rule 12(b)(1). *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004) (citations omitted), *abrogated on other grounds by Lumbar v. City of Ann Arbor*, 913 F.3d 585 (6th Cir. 2019). A Rule 12(b)(1) motion can attack a party's claim of jurisdiction on its face or the motion can attack the factual basis for a claim of jurisdiction. *Id.* A facial attack questions the sufficiency of the pleading. *Campbell v. Miller*, 835 F. Supp. 2d 458, 463 (S.D. Ohio 2011) (citing *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320 (6th Cir. 1990)). When reviewing this type of challenge to the court's jurisdiction, the court must take the allegations in the complaint as true and construe the complaint in a light most favorable to the non-moving party. *Id.* (citing *United States v. A.D. Roe Co., Inc.*, 186 F.3d 717, 721-22 (6th Cir. 1999)).

When a factual challenge is made under Rule 12(b)(1), the court considers evidence to determine if jurisdiction exists. *Id.* at 463-64 (citing *Nichols v. Muskingum Coll.*, 318 F.3d 674, 677 (6th Cir. 2003)). The trial court must weigh the conflicting evidence to make this determination. *Id.* (citing *Gentek Bldg. Products, Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007)). When a factual attack is made, the non-moving party bears the burden of proving that jurisdiction exists. *Id.* (citing *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005)). In such a case, there is no presumption of truthfulness on behalf of the non-moving party. *Id.* (citing *A.D. Roe Co., Inc.*, 186 F.3d at 722).

**2. Failure to State a Claim**

Under Fed. R. Civ. P. 12(b)(6), a party may challenge a complaint for failure to state a claim upon which relief can be granted. In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations as true and make reasonable inferences in favor of the

non-moving party. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (citing *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005)). Only "a short and plain statement of the claim showing that the pleader is entitled to relief" is required. *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). "[T]he statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation marks omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although the plaintiff need not plead specific facts, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 555, 570). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

**B. Resolution**

**1. Claims against the Bankruptcy Court and Judge Buchanan**

Defendants Bankruptcy Court and Judge Buchanan move to dismiss plaintiff's complaint on the grounds that the Court lacks subject matter jurisdiction because the United States has not waived sovereign immunity with respect to the claims asserted against the Bankruptcy Court. (Doc. 12 at 6). Defendants also argue that plaintiff has failed to state a claim upon which relief can be granted against Judge Buchanan because she is entitled to absolute judicial immunity from suit. (*Id.* at 7-8).

Dismissal of plaintiff's claims against the Bankruptcy Court is warranted under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. Subject matter jurisdiction is lacking in a lawsuit against the United States, or an agency of the United States, unless the government consents to suit. *United States v. Testan*, 424 U.S. 392, 399 (1976); *see also CareToLive v. von*

6

*Eschenbach*, 525 F. Supp. 2d 938, 950 (S.D. Ohio 2007) (the United States may not be sued without its consent, and consent is a prerequisite for jurisdiction) (citing *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *Reed v. Reno*, 146 F.3d 392, 398 (6th Cir. 1998)), *aff'd sub nom. CareToLive v. Eschenbach*, 290 F. App'x 887 (6th Cir. 2008). Absent an express waiver of sovereign immunity, the district court lacks jurisdiction over a claim against the United States. *Id.* (citing *Mitchell*, 463 U.S. at 212). "Jurisdiction over any suit against the [United States] Government requires a clear statement from the United States waiving sovereign immunity . . . together with a claim falling within the terms of the waiver." *Id.* (citing *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003)). The plaintiff has the burden to identify a waiver of sovereign immunity in order to proceed with a claim against the United States. *Id.* (citing *Reetz v. United States*, 224 F.3d 794, 795 (6th Cir. 2000)). *See also Wojton v. U.S.*, 199 F. Supp. 2d 722, 726 (S.D. Ohio 2002) (plaintiff has the burden under Fed. R. Civ. P. 8 to set forth the grounds for the Court's jurisdiction).

Plaintiff's lawsuit against the Bankruptcy Court is a suit against the United States, which is entitled to sovereign immunity from suit. *Blade v. U.S. Bankr. Ct.*, 109 F. Supp. 2d 872, 874 (S.D. Ohio 2000) (upholding Report and Recommendation that the Bankruptcy Court had sovereign immunity from suit); *Surani v. U.S. Bankr. Ct.*, No. CIV. 13-931, 2013 WL 3279265, at *1 (D.D.C. June 28, 2013) (stating that the U.S. Bankruptcy Court is an instrumentality of the United States and entitled to sovereign immunity); *Dutton v. US Bankr. Ct. E. Dist. of Pa.*, No. CV 19-194, 2019 WL 251481, at *2 (E.D. Pa. Jan. 17, 2019) ("The United States Bankruptcy Court . . . is part of the judicial branch of the federal government, and is therefore entitled to sovereign immunity absent a waiver."). Plaintiff has not carried her burden to identify a waiver of sovereign immunity. Nor do the allegations of the complaint provide any factual content or

context from which the Court may reasonably infer that the Bankruptcy Court waived its sovereign immunity with respect to the matters at issue in this case. Moreover, Congress has not waived the Bankruptcy Court's sovereign immunity by statute in Title 11 of the United States Code. Accordingly, plaintiff's claims against the Bankruptcy Court should be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

In addition, plaintiff's claims against Judge Buchanan should be dismissed under Fed. R. Civ. P. 12(b)(6) because she is entitled to absolute judicial immunity. Judges are afforded absolute immunity from liability for acts they commit while functioning within their judicial capacity. "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Pierson v. Ray*, 386 U.S. 547 (1967); *Barrett v. Harrington*, 130 F.3d 246, 255 (6th Cir. 1997). Judges retain absolute immunity from liability even if they act maliciously or corruptly, as long as they are performing judicial acts and have jurisdiction over the subject matter giving rise to the suit against them. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). *See also Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004); *Stern v. Mascio*, 262 F.3d 600, 607 (6th Cir. 2001). It is clear from the allegations in plaintiff's complaint that the decisions made by Judge Buchanan in the course of plaintiff's bankruptcy proceedings were functions normally performed by bankruptcy judges. *Stump*, 435 U.S. at 362. The allegations in plaintiff's complaint merely amount to dissatisfaction with Judge Buchanan's rulings in the bankruptcy proceedings, rather than any nonjudicial or personal acts by Judge Buchanan. In addition, plaintiff has alleged no facts indicating that Judge Buchanan acted "in the complete absence of all jurisdiction" in granting Trustee Leicht's motion for summary judgment and granting Trustee Leicht's motion to sell the

property. *See Stern*, 262 F.3d at 607. Therefore, Judge Buchanan is absolutely immune from civil liability in this matter.

   2. **Claims against Trustee Leicht**

Defendant Leicht moves to dismiss plaintiff's complaint on the grounds that the Court lacks subject matter jurisdiction over all claims against him. (Doc. 8 at 5). Defendant Leicht argues that pursuant to the Barton doctrine, leave of the Bankruptcy Court must be obtained by any party wishing to institute an action against a trustee for acts performed in the trustee's official capacity. (*Id.*) (citing *In re DeLorean Motor Co.*, 991 F.2d 1236 (6th Cir. 1993)).

"It is well settled that leave of the appointing forum must be obtained by any party wishing to institute an action in a non-appointing forum against a trustee, for acts done in the trustee's official capacity and within the trustee's authority as an officer of the court." *In re DeLorean*, 991 F.2d at 1240. Section 959 of the Bankruptcy Code "serves as a limited exception to . . . the *Barton* [d]octrine, allowing suits against the trustees for actions taken while 'carrying on business.'" *Id*. at 1241 (citing 28 U.S.C. § 959(a)). Section 959(a) provides that trustees may be sued without leave of the appointing court with regard to "any of their acts or transactions in carrying on business with such property." 28 U.S.C. § 959(a)). However, the Sixth Circuit has held that the "carrying on business" exception does not include the acts of "[m]erely collecting, taking steps to preserve, and/or holding assets, as well as other aspects of administering and liquidating the estate." *In re DeLorean*, 991 F.2d at 1241.

Here, plaintiff's claims against Trustee Leicht relate only to Leicht's conduct during the underlying bankruptcy proceedings, such as the actions he took in recovering plaintiff's property. Plaintiff has not alleged that she received leave of the Bankruptcy Court to pursue an action against Trustee Leicht in this Court. Nor do the allegations in the complaint demonstrate that

9

Trustee Leicht's actions fall within the "carrying on business" exception. Rather, the allegations show that Trustee Leicht recovered plaintiff's property for the benefit of the estate by filing three adversary proceedings in the course of his trustee duties. As the undersigned finds that Trustee Leicht is protected from plaintiff's lawsuit under the *Barton* doctrine, plaintiff's claims against Trustee Leicht should be dismissed.

### 3. Remaining Claims against Ditech Financial

On December 6, 2019, counsel for defendant Ditech Financial filed a notice of Ditech's bankruptcy status on the docket of this Court. (Doc. 22).[2] The notice indicates that Ditech filed for Chapter 11 Bankruptcy with the United States Bankruptcy Court for the Southern District of New York. (*Id.* at 1). Ditech represents that in September 2019, the Bankruptcy Court for the Southern District of New York issued a Confirmation Order approving the terms of the Third Amended Joint Chapter 11 Plan of Ditech Holding Corporation and Its Affiliated Debtors. (*Id.* at 2; Doc. 22-1); *In Re: Ditech Holding Corporation*, 1:19-BK-10412, (Doc. 1404)). The Chapter 11 Plan includes a permanent injunction that specifically prohibits parties from forever prosecuting any action against Ditech for monetary recovery on account of any claim arising prior to the closing of the transactions under the Plan—September 30, 2019. (*Id.*). The Plan's injunction does not prohibit parties from asserting certain nonmonetary claims in relation to foreclosure actions brought by Ditech. (Doc. 22 at 2). Pursuant to the Plan's injunction, Ditech argues that plaintiff is enjoined from continuing this action because she exclusively seeks monetary recovery against Ditech. (*Id.* at 3).

The Court agrees that Ditech's Confirmation Order and Bankruptcy Plan effectively bars plaintiff's claims against Ditech. Under the Bankruptcy Code, the "confirmation of a plan . . .

---

[2] Previously, on August 26, 2019, Ditech filed a notice of bankruptcy and the imposition of an automatic stay. (Doc. 9).

10

discharges the debtor from any debt that arose before the date of such confirmation." 11 U.S.C. § 1141(d)(1)(A). A discharge "operates as an injunction against the commencement or continuation of an action . . . to collect, recover or offset any such debt as a personal liability of the debtor." 11 U.S.C. § 524(a)(2). "[A] discharge in bankruptcy serves as an injunction against actions to collect on the debtor's personal liabilities." *In re Federated Dep't Stores, Inc.*, 328 F.3d 829, 832 (6th Cir. 2003) (citing 11 U.S.C. § 524(a)). Plaintiff complains about Ditech's actions that occurred before the September 2019 Bankruptcy Plan and Confirmation Order. As such, plaintiff's claims as to Ditech are discharged under 11 U.S.C. § 1141(d)(1). *See Bondurant v. Northwest Airlines Inc.*, No. 07-15383, 2008 WL 11355521, at *1 (E.D. Mich. Mar. 19, 2008). *See also Nadeem v. Gemini Air Cargo, Inc.*, No. 3:06 CV 594 H, 2007 WL 293827, at *1 (W.D. Ky. Jan. 26, 2007) (holding that Court lacked jurisdiction to consider plaintiff's claims in light of bankruptcy plan and accompanying confirmation order). Accordingly, plaintiff's claims against defendant Ditech should be dismissed.

### III. Conclusion

Based on the foregoing, it is **RECOMMENDED** that:

1. Defendant Leicht's motion to dismiss (Doc. 8) be **GRANTED.**
2. Defendants Buchanan and Bankruptcy Court's motion to dismiss (Doc. 12) be **GRANTED**.
3. Plaintiff's claims against defendant Ditech Financial, LLC be **DISMISSED**.
4. This case is **CLOSED** off the docket of this Court.

Given that the undersigned has recommended that plaintiff's complaint be dismissed against all defendants, it is **ORDERED** that:

11

1. Plaintiff's "motion to stop the discrimination, harassment, and retaliation" (Doc. 18) is **DENIED as MOOT**.

2. Plaintiff's "support motion for the civil lawsuit" (Doc. 21) is **DENIED as MOOT**.

3. Plaintiff's "motion to stop the harassment from Judge Beth Buchanan" (Doc. 24) is **DENIED as MOOT.**

Date: 1/28/20

Karen L. Litkovitz, Magistrate Judge
United States District Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARY J. FARRIER,
    Plaintiff,

vs.

GEORGE LEICHT, et al.,
    Defendants.

Case No. 1:19-cv-588
Black, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).