# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| MARY FARRIER, | : | Case No. 1:19-cv-588 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | Magistrate Judge Karen L. Litkovitz |
| GEORGE LEICHT, *et al.*, | : | |
| Defendants. | : | |

## DECISION AND ENTRY
## ADOPTING THE REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE (Doc. 25) AND
## TERMINATING THIS CASE IN THIS COURT

This case is before the Court pursuant to the Order of General Reference to United States Magistrate Judge Karen L. Litkovitz.  Pursuant to such reference, the Magistrate Judge reviewed the pleadings and, on January 28, 2020, submitted a Report and Recommendation, recommending that the Court: (1) grant two pending motions to dismiss; and (2) dismiss Plaintiff's claims against Defendants.  (Doc. 25).  Plaintiff has filed numerous objections to the Report and Recommendation.[1]  (Docs. 26, 27, 30, 31, 33).  Plaintiff has also filed a motion to start selecting jurors after the COVID-19 pandemic clears.  (Doc. 32).

---

[1] Plaintiff's objections are not well-taken.  (Docs. 26, 27, 30, 31, 33).  The objections restate the allegations/arguments set forth in Plaintiff's previous filings.  (Docs. 1, 14, 15, 17, 18, 19, 20, 21, 23, 24).  The Magistrate Judge has already considered these allegations/arguments in the Report and Recommendation, and the Magistrate Judge has already concluded that, notwithstanding them, Plaintiff's claims against Defendants must fail under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  (Doc. 25).  This Court agrees entirely with the Magistrate Judge's well-reasoned analysis.  Accordingly, the objections are overruled.

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the filings in this matter. Upon consideration of the foregoing, the Court finds that the Report and Recommendation should be and is hereby adopted in its entirety.

Accordingly, for the reasons stated above:

1. Plaintiff's objections (Docs. 26, 27, 30, 31, 33) are **OVERRULED**;

2. The Report and Recommendation (Doc. 25) is **ADOPTED**;

3. The pending motions to dismiss (Docs. 8, 12) are **GRANTED**;

4. Plaintiff's claims against Defendants are **DISMISSED**;

5. Plaintiff's motion to start selecting jurors after the COVID-19 pandemic clears (Doc. 32) is **DENIED** as moot; and

6. The Clerk shall enter judgment accordingly, whereupon this case is **TERMINATED** from this Court's docket.[2]

**IT IS SO ORDERED.**

Date: 5/12/2020

*s/Timothy S. Black*
Timothy S. Black
United States District Judge

---

[2] Plaintiff asks the Court to extend the deadline by which she must appeal this Order. (Doc. 26 at 4). Plaintiff argues that a multi-month extension is appropriate, because she is a *pro se* party who is advanced in years. (*Id.*) The Court cannot grant Plaintiff's request. Under Fed. R. App. P. 4(a)(5), the Court can only extend the notice of appeal deadline if the party seeking the extension makes a showing of either excusable neglect or good cause. *See Nicholson v. City of Warren*, 467 F.3d 525, 526 (6th Cir. 2006). Moreover, an extension, under Fed. R. App. P. 4(a)(5), cannot "exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later." Here, Plaintiff's general assertion, that she is a *pro se* party who is advanced in years, fails to establish either excusable neglect or good cause. *See Pitts v. Horton*, No. 86-7672, 1987 WL 44598, at *1 (4th Cir. 1987); *cf. Ganenas v. Merit Sys. Prot. Bd.*, No. 95-3004, 1995 WL 113501, at *1 (Fed. Cir. 1995). Additionally, Plaintiff's requested extension far exceeds that permitted by Fed. R. App. P. 4(a)(5). Accordingly, Plaintiff's request is **DENIED**.